NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 1, 2015[*]
Decided June 3, 2015

### Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 14-2708 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 12-Cr-184 |
| JEFFREY J. HUSSINGER, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

### Order

Jeffrey Hussinger pleaded guilty to conspiring to distribute methamphetamine, 21 U.S.C. §§ 841, 846, and to possessing child pornography, 18 U.S.C. §2252A. The district court sentenced him to concurrent terms of 60 months' imprisonment, which the judge repeatedly described as the minimum allowed by law for the drug conviction. But that belief may have been incorrect. The presentence report had concluded that Hussinger is

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

eligible for a "safety valve" reduction under 18 U.S.C. §3553(f). See also U.S.S.G. §5C1.2. The district court never considered that possibility. Hussinger contends that it is a legal mistake to impose a sentence influenced by a (potentially) incorrect belief that the law does not allow any shorter term; the United States concurs and confesses error. We agree with the litigants and remand for further consideration.

The district court's first order of business on remand will be determining whether Hussinger satisfies the criteria of §3553(f). The district court also must take account of our recent decisions that affect both the procedure and substance of conditions of supervised release. See, e.g., *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015).

The judgment is vacated, and the case is remanded for resentencing.